IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BEULAH MASON, ) | |
| *o/b/o R.P.C., Jr.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-00159-N |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Beulah Mason brings this action on behalf of minor Claimant R.P.C., Jr., pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his application for supplemental security income ("SSI"). The parties have consented to the exercise of jurisdiction by, and this case has been ordered referred to, the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). *See* Docs. 15, 16.

Upon consideration of the administrative record ("R.") (docs. 9, 12), Plaintiff's Brief (Doc. 10), the Commissioner's Brief (Doc. 11), and the arguments presented at the hearing held November 4, 2014 (*cf.* Docs. 18-19), the Court has determined that the Commissioner's decision denying Plaintiff's benefits should be **AFFIRMED**.[1]

---

[1] Any appeal taken from this memorandum opinion and order and simultaneously entered separate judgment may be made directly to the Eleventh Circuit Court of Appeals. *See* 28 U.S.C. § 636(c)(3); FED. R. CIV. P. 73(c)

I. **Procedural Background**

Plaintiff filed applications for SSI on behalf of Claimant, R.P.C. Jr., her child, in July 2010 (*see* R. 132-135), alleging a disability onset date of August 1, 2009. *See* R. 132. The application was initially denied. *See* R. 76-79. A hearing was conducted before Administrative Law Judge Linda J. Helm ("ALJ") on January 11, 2012. *See* R. 47-73. On March 19, 2012, the ALJ issued the decision, now before this Court, finding Claimant not disabled. R. 20-42. The Appeals Council issued a decision declining to review the ALJ's determination on February 21, 2014. *See* Doc. 12 at 3-5. The Commissioner's decision being final for purposes of judicial review (*see* 20 C.F.R. § 404.981), a complaint was filed in this Court on April 7, 2014. *See* Doc. 1.

II. **Claims on Appeal**

Plaintiff asserts that the Commissioner's decision to deny benefits is in error "by failing to adequately consider school records and reports from the child claimant's teachers that unmistakably indicated a finding of at least [two marked limitations]." Doc. 10 at 3.

III. **Standard of Review**

In reviewing claims brought under the Act, this Court's role is a limited one. The Court's review is limited to determining 1) whether the decision of the Secretary is supported by substantial evidence and 2) whether the correct legal standards were applied. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir .1990). A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Sewell v. Bowen*, 792 F.2d 1065, 1067 (11th Cir.1986). The

Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. *Brown v. Sullivan*, 921 F.2d 1233, 1235 (11th Cir.1991); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir .1983) (holding substantial evidence is defined as "more than a scintilla but less than a preponderance" and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."). In determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable, as well as unfavorable, to the Commissioner's decision. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir.1986); *Short v. Apfel,* 1999 U.S. Dist. LEXIS 10163, *4 (S.D. Ala. June 14, 1999).

## IV. Childhood Disability Law

The Personal Responsibility and Work Opportunity Act of 1996, which amended the statutory standard for children seeking supplemental security income benefits based on disability, became effective on August 22, 1996. *See* Pub. L. No. 104–193, 110 Stat. 2105 § 211(b)(2) (1996) (codified at 42 U.S.C. § 1382c). Under the Act, the definition of "disabled" child is:

> An individual under the age of 18 shall be considered disabled ... if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

*See* 42 U.S.C. § 1382c(a)(3)(C)(i), 20 C.F.R. § 416.906.[2] The regulations provide a

---

[2] On September 11, 2000, the Commissioner published Final Rules for determining disability for a child under the age of 18. See 65 Fed.Reg. 54,747, corrected by 65 Fed.Reg. 80,307. These rules became effective on January 2, 2001, and apply to Plaintiff's claim. See 65 Fed.Reg. at 54,751.

three-step sequential evaluation process for determining childhood disability claims. 20 C.F.R. § 416.924(a).

At step one, a child's age and work activity, if any, are identified to determine if he has engaged in substantial gainful activity. At step two, the child's physical/mental impairments are examined to see if he has an impairment or combination of impairments that is severe. Under the regulations, a severe impairment is one that is more than "a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations." 20 C.F.R. § 416.924(c). To the extent the child is determined to have a severe impairment, at step three, the Commissioner must then determine whether the impairment or combination of impairments meets or is medically or functionally equal to an impairment listed in Appendix 1 of 20 C.F.R. part 404, subpart P, and otherwise satisfies the duration requirement.[3] 20 CFR § 416.924.

A child's impairment(s) meets the listings' limitations if he actually suffers from limitations specified in the listings for his severe impairment. *Shinn v. Commissioner of Soc. Sec.*, 391 F.3d 1276, 1279 (11th Cir.2004). A child's impairment(s) medically equals the listings if his limitations are at least of equal severity and duration to the listed impairment(s). *Id*. (citing 20 CFR § 416.926). Where a child's impairment or combination of impairments does not meet or medically equal any listing, then the Commissioner must determine whether the

---

[3] In making this determination the ALJ considers the combined effect of all medically determinable impairments, even those that are not severe. See 20 CFR 416.923, 416.924a(b)(4), and 416.926a(a) and (c).

impairment or combination of impairments results in limitations that functionally equal the listings.[4] 20 CFR § 416.926a.

To establish functional equivalence in step three, the claimant must have a medically determinable impairment or combination of impairments that results in marked limitations in at least two functional domains or an extreme limitation in one domain. 20 CFR § 416.926a(d). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating to others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 CFR 416.926a(b)(1).

## V. <u>Analysis</u>

In her opinion, the ALJ found that Claimant had "marked" limitations in one category, (ii) attending and completing tasks, and had "less than marked" limitations in four categories: (i) acquiring and using information; (iii) interacting and relating with others; (v) caring for yourself; and (vi) health and physical well-being. R. at 30, 33, 35, 40, 41. The ALJ found that Claimant had "no limitation" in one category, (iv) moving and manipulating objects. R. at 39. Plaintiff argues that the ALJ should have found an additional "marked" limitation in either (i) acquiring and using information or (iii) interacting and relating with others. Doc. 10 at 3. Plaintiff makes this contention based on two claims: (1) that the ALJ did not fully

---

[4] In making this assessment, the reports of the State Agency medical consultants, reports of other treating, examining, and non-examining medical sources, and the claimant's symptoms, including pain and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, are all taken into consideration. 20 C.F.R. §§ 416.927, 416.929; and SSR 96–5, 96–6p and 96–7p.

consider reports from the Claimant's teachers, but rather "cherry picks" from them and (2) that the ALJ did not properly consider the Claimant's significantly below-average IQ score of 73. *Id.* at 4-5.

The Commissioner argues that Plaintiff concedes that the ALJ discussed and considered the evidence in question (Plaintiff's Brief at 2-5) but maintains that she failed to give it proper weight. This, argues the Commissioner "is essentially a request for this Court to perform a de novo review of the evidence based on [Plaintiff's] disagreement with the ALJ's decision." (Doc. 11 at 5)

The ALJ's opinion does not reflect that she "cherry picked" from the relevant teacher reports, but rather that she considered the record as a whole. Pursuant to 20 CFR 416.924a(a), the ALJ considered "all of the relevant evidence in the case record . . . [including] information from other sources, such as school teachers . . ." R. at 26. This includes examining reports from teachers in many places. R. at 29-42. Teacher reports are not considered determinative, but rather are "consider[ed]" alongside other information. 20 CFR 416.924a(b)(7)(ii). The ALJ relied on significant portions of the Claimant's teachers' reports in making her decision. R at 31-32; 34-35; 37-38; 40. Where the ALJ gives less weight to the opinions expressed in teacher reports, she states specific reasons for those weight determinations, including the relatively short time a teacher had observed the Claimant, or the lack of information given by some teachers as to how long they knew Claimant, the frequency of their contacts with him, or what subjects they taught. R. at 28-29.

Plaintiff also argues that the ALJ failed to consider the Claimant's low IQ

score. Although IQ scores may support a finding of a marked or extreme limitation in a functional domain, IQ scores alone are not outcome-determinative. *See* 20 C.F.R. § 416.926a(e)(4)(i) ("we will not rely on any test score alone"). Rather, the evidence as a whole must be considered, and a finding of less than marked limitations may be supported even in the face of extremely low IQ scores. 20 C.F.R. § 416.926(e)(4)(ii)(B).

The ALJ discussed the Claimant's score of 73, as well as a higher score of 79, and noted that these scores "do not reflect marked limitations." R. at 30. For any objective test designed to measure abilities within a functional domain, a "marked limitation" is indicated by a "valid score that is two standard deviations or more below the mean, but less than three standard deviations." 20 C.F.R. § 416.926a(e)(2)(iii). The IQ tests administered to the claimant were Wechsler series tests (R. at 329), which have a mean of 100 and a standard deviation of 15. 20 C.F.R. Part 404, subpt. P, app. 1, § 112.00, ¶ D.9. Thus, in order to be two or more standard deviations below the mean, a score would have to be 70 or below. *See id.* Claimant's score of 73 is less than two standard deviations below average and is therefore not indicative of a marked limitation. *See* 20 C.F.R. § 416.926a(e)(2)(iii). Since RPC's scores are not low enough to meet the regulatory criteria indicating possible marked limitation, and any failure by the ALJ to provide a more detailed discussion of this point was therefore harmless error.

The law is well settled that even if there is evidence in the record to support an alternative finding, the court must uphold the decision of the ALJ if there is

substantial evidence in the record to support the decision. *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 118-59 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence.") Upon consideration, the undersigned finds that substantial evidence exists in the record to support the ruling of the ALJ.

## Conclusion

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits is **AFFIRMED**.

**DONE** and **ORDERED** this the 9th day of February 2015.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**